# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIE McBRIDE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. No. 1:08-cv-01154 (CKK) |
| | § | |
| HALLIBURTON COMPANY, INC., | § | |
| KELLOGG, BROWN & ROOT, INC., | § | |
| SHADOW SLOAN, | § | |
| AND | § | |
| VINSON & ELKINS | § | |
| | § | |
| Defendants. | § | JURYTRIAL DEMANDED |

## PLAINTIFF'S MOTION TO FOR LEAVE TO FILE HER RESPONSE TO MOTION BY DEFENDANTS TO DISMISS; OR IN THE ALTERNATIVE, STAY PENDING COMPLETION OF ARBITRATION UNDER SEAL

**COMES NOW** Julie McBride, the Plaintiff in the above-referenced matter, and files this motion for leave to file her response to motion by Defendants Halliburton Company, Inc. and Kellogg, Brown & Root, Inc. to Dismiss; or in the Alternative, to Stay Pending Completion of Arbitration under seal, and files the attached memorandum of points and authorities in support thereof:

WHEREFORE, Plaintiff respectfully requests permission to file her motion under seal and for any other relief to which this Court may deem Plaintiff justly entitled.

Respectfully submitted,

_Stephanie M. Morris_
Stephanie M. Morris
ATTORNEY AT LAW
D.C. BAR NO. 498196
1660 L. Street, N.W., Suite 506
Washington, D.C. 20036
Tel. (202) 536-2353
Fax. (202) 463-6328

**RECEIVED**

AUG 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

L. Todd Kelly
**THE KELLY LAW FIRM, P.C.**
Texas Bar No. 24035049
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax. (713) 523-5939
&

Paul Waldner
**VICKERY, WALDNER & MALLIA, L.L.C.**
Texas Bar No. 20679800
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 526-1100
Fax. (713) 523-5939

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JULIE McBRIDE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civ. No. 1:08-cv-01154 (CKK)** |
| | § | |
| **HALLIBURTON COMPANY, INC.,** | § | |
| **KELLOGG, BROWN & ROOT, INC.,** | § | |
| **SHADOW SLOAN,** | § | |
| **AND** | § | |
| **VINSON & ELKINS** | § | |
| | § | |
| **Defendants.** | § | **JURYTRIAL DEMANDED** |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFF'S MOTION TO FOR LEAVE TO FILE HER RESPONSE TO RESPONSE TO MOTION BY DEFENDANTS TO DISMISS; OR IN THE ALTERNATIVE STAY PENDING COMPLETION OF ARBITRATION UNDER SEAL

The decision as to whether a request to file a document or case under seal should be granted is within the sound discretion of the trial court. *See In re Nat'l Broadcasting Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981). But, the court may only deny public access to judicial records if, "after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, [the court] concludes that justice so requires." *Id.*

Six factors should be considered when determining if a record should be sealed: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *EEOC v. Nat'l Children's Center*, 98 F.3d 1406,

3

1409 (D.C. Cir. 1996); *see also McConnell v. Federal Election Comm'n*, 251 F. Supp. 2d 919, 925, 931-32 (D.D.C.2003).

Here, Plaintiff requests this motion be filed under seal to protect her from revealing information ordered confidential by an arbitrator in a previous proceeding with the Defendants. The parties disagree as to exactly what information the arbitrator ruled confidential. Plaintiff believes the entire proceeding was ruled confidential and Defendants' argue only portions- of course the portions that protect them from future litigation.

Suffice to say, upon Defendants' motion, the arbitrator ordered the entire arbitration confidential and all evidence of it destroyed. It is because of this destruction of evidence the parties do not have independent evidence (ie. written order or transcript) to support their contrary interpretations of the arbitrator's ruling.

In an effort to avoid acting in direct contempt of the arbitrator's order, Plaintiff sought Defendants' consent to file the entire case under seal and they refused. Plaintiff now seeks to temporarily file this response under seal until there is a determination or agreement as whether she may publicize this information.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that her attached motion for leave to file under seal be granted and for any other relief to which this Court may deem Plaintiff justly entitled.

Respectfully submitted,

Stephanie M. Morris
ATTORNEY AT LAW
D.C. BAR NO. 498196
1660 L. Street, N.W., Suite 506
Washington, D.C. 20036
Tel. (202) 536-2353
Fax. (202) 463-6328

L. Todd Kelly
**THE KELLY LAW FIRM, P.C.**
Texas Bar No. 24035049
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax. (713) 523-5939
&

Paul Waldner
**VICKERY, WALDNER & MALLIA, L.L.C.**
Texas Bar No. 20679800
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 526-1100
Fax. (713) 523-5939

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JULIE McBRIDE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIV. NO. 1:08-cv-01154 (CKK)** |
| | § | |
| **HALLIBURTON COMPANY, INC.,** | § | |
| **KELLOGG, BROWN & ROOT, INC.,** | § | |
| **SHADOW SLOAN,** | § | |
| **AND** | § | |
| **VINSON & ELKINS** | § | **Jury Trial Demanded** |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF GOOD FAITH EFFORTS PURSUANT TO RULE LCvR 7(m)

I hereby certify that on August 29, 2008, I sent an email and left a voice message for Frederick W. Chockley III., Equire, counsel for Defendants Halliburton Company Inc. and Kellogg Brown and Root, Inc. and requested Defendants' consent to file Plaintiff's attached motion for leave to file under seal. At the time of filing this motion I had not heard back from Mr. Chockley. However, in an earlier conversation approximately one week ago, Plaintiff sought Defendants consent to file the entire case under seal and Defendants refused to consent.

Stephanie M. Morris

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2008, a copy of the foregoing motion and accompanying memorandum of points and authorities were served via 1st class mail to the following:

Frederick W. Chockley, III, Esquire
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C. 20026-5304
Tel. (202) 861-1500
Fax: (202) 861-1783
Fchockley@Bakerlaw.com

Megan E. Hills, Esquire
Williams & Connolly, LLP
725 Twelfth St. NW
Washington, D.C. 20005.

McDonnell & Associates APLC
2040 Harbor Island Dr., Suite 202
San Diego, CA 92101
Tel. (619) 294-4230
Fax: (619) 294-4237

Stephanie M. Morris

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JULIE McBRIDE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civ. No. 1:08-cv-01154 (CKK)** |
| | § | |
| **HALLIBURTON COMPANY, INC.,** | § | |
| **KELLOGG, BROWN & ROOT, INC.,** | § | |
| **SHADOW SLOAN,** | § | |
| **AND** | § | |
| **VINSON & ELKINS** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO MOTION BY DEFENDANTS
HALLIBURTON COMPANY, INC. AND KELLOGG, BROWN & ROOT, INC.
TO DISMISS; OR IN THE ALTERNATIVE,
TO STAY PENDING COMPLETION OF ARBITRATION**

COMES NOW Julie McBride, the Plaintiff in the above-referenced matter, and files this Response to Motion by Defendants Halliburton Company, Inc. and Kellogg, Brown & Root, Inc. to Dismiss; or in the Alternative, to Stay Pending Completion of Arbitration, and files the attached memorandum of points and authorities in opposition.

WHEREFORE, Plaintiff respectfully requests that Motion by Defendants Halliburton Company, Inc. and Kellogg, Brown & Root, Inc. to Dismiss; or in the Alternative, to Stay Pending Completion of Arbitration be denied, or in the alternative, grant any other relief to which this Court may deem Plaintiff justly entitled.

Respectfully submitted,

Stephanie M. Morris
ATTORNEY AT LAW
D.C. BAR NO. 498196
1660 L. Street, N.W., Suite 506
Washington, D.C. 20036

Tel. (202) 536-2353
Fax. (202) 463-6328


L. Todd Kelly
**THE KELLY LAW FIRM, P.C.**
Texas Bar No. 24035049
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax. (713) 523-5939
**&**

Paul Waldner
**VICKERY, WALDNER & MALLIA, L.L.C.**
Texas Bar No. 20679800
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 526-1100
Fax. (713) 523-5939

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JULIE McBRIDE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civ. No. 1:08-cv-01154 (CKK)** |
| | § | |
| **HALLIBURTON COMPANY, INC.,** | § | |
| **KELLOGG, BROWN & ROOT, INC.,** | § | |
| **SHADOW SLOAN,** | § | |
| **AND** | § | |
| **VINSON & ELKINS** | § | |
| | § | |
| **Defendants.** | § | **JURYTRIAL DEMANDED** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION BY DEFENDANTS HALLIBURTON COMPANY, INC. AND
KELLOGG, BROWN & ROOT, INC. TO DISMISS; OR IN THE
ALTERNATIVE, TO STAY PENDING COMPLETION OF ARBITRATION**

Defendants would like nothing more than to have their cake and eat it too. Their motion is replete with mischaracterizations of the facts that give rise to this cause of action. In 2006, during an arbitration hearing with the Julie, Defendants moved for an order to keep **all** information, including testimony and documents, revealed during the hearing confidential. Defendants moved for this order **before** the arbitrator made her determination of the case and argued it was necessary to protect the Defendants from any future litigation due to extremely damning witness testimony about a rape and sexual harassment that Defendants failed to act upon. During the hearing, Defendants approached Julie and told her that such an order was necessary to keep all her personal and embarrassing information revealed during the hearing confidential. Julie reluctantly agreed not to object to the motion. Defendant Sloan moved for a confidential order of the **entire** arbitration. She argued further for the destruction of the record produced at that

3

point in time, and to dismiss the court reporter for the remainder of the hearing, all in an effort to avoid any use of this evidence in future litigation against the Defendants. Arbitrator Mitchell granted the motion and ordered the evidence destroyed. Now, Defendants argue they may reveal the personal information about Julie they obtained as a result of the arbitration hearing in a public motion filed in a separate case and claim an absolute privilege. Defendants blatantly and arrogantly disregard the arbitrator's order and act in direct contempt of the order as a part of an ongoing pattern of complacency with sexual harassment and sexual assaults, including rape, against their own female employees in Iraq, and their lawyers ratify and perpetuate it. Julie does not agree with the statement of facts provided by Defendants in their motion rendering a genuine issue of material facts.

It is the position of Julie that Defendants are not entitled to an absolute privilege of the statements which were unrelated and unnecessary to defending the *qui tam* action in which it was revealed. This privilege applies to claims of defamation and Plaintiff has not filed a claim for defamation. However, if this Court finds this privilege applies, Defendants waived their right to assert it in this regard when they promised confidentiality to all their employees who agreed to resolve any disputes in a confidential arbitration proceeding. More specifically, in Julie's case, Defendants took it one step further when they moved for an order and the arbitrator granted it ordering all information revealed during the arbitration destroyed and confidential. Furthermore, Julie has several claims that do not rely upon the Defendants publication of the confidential information.

4

Since the filing of the Defendants' Motion, an arbitration hearing proceeded on Monday, August 25, 2008 through to Tuesday, August 26, 2008 rendering Defendants' request to Stay this case pending the arbitration hearing moot.

## I.  STATEMENT OF FACTS

As a condition of employment, all Defendants' employees must sign an employment contract that contains a pre-dispute arbitration provision mandating all "employment related" disputes be resolved under the terms and conditions of the Halliburton Dispute Resolution Program (hereinafter "DRP"). This is an alternative dispute resolution program designed by, financed, and essentially under the direct control of Defendants Halliburton and KBR.

Although Defendants state that the DRP is "fair," "provides the same substantive rights under any law or statute" and "is decided by a fair and neutral arbitrator," (*See* Defendants' Motion, at 6.) this case is a perfect example as to why that representation is not true. More importantly, Defendants state that they "pay all administrative expenses of the arbitration process except for the $50.00 filing fee." *See* id. What is true is that the Defendants hire an arbitration organization and pay all fees directly to the organization for each arbitration; this includes the arbitrators' fees and expenses. Under the DRP, Defendants do not promise to use one specific organization. Instead, it is at their discretion to hire and fire each organization as they see fit. Each organization is perfectly aware of the Defendants' discretion in this regard rendering the entire process *per se* prejudicial and *against* the employees of Defendants.

Defendant V&E is an international law firm hired to defend many sexual harassment claims filed against Halliburton/KBR arising out of its actions in Iraq and other remote locations. Defendant Sloan is an attorney employed by V&E who has defended many of sexual harassment claims filed throughout the Country. All of these sexual harassment cases are mandated to resolution through binding pre-dispute arbitration under Halliburton's DRP. Attorneys for V&E, especially Defendant Sloan, are repeatedly in front of the same arbitrator time and time again.

Employees of defendants Halliburton and KBR are provided an explanatory brochure outlining the DRP at the time they signed the employment contract. This brochure, entitled *Options for Resolution*, contained the following statements regarding confidentiality under the terms of the DRP:

Options for Resolution

It allows you and the Company to resolve differences, in ways that are *confidential* – respecting your privacy and the privacy of others. (See pg. 2);

Sometimes, the best way to solve a problem is to seek outside help. If that's best for your dispute, you can use the services of a trained mediator or arbitrator. These people are highly skilled, professional third parties who are neutral and whose services are *confidential*. (See pg. 14).

The Company does fund the DRP and pay the salaries of the program's staff. The entire Program, however, is designed to operate independently and to protect *confidentiality*. (See pg. 20)

It is actually in the Company's interest to make sure the Program provides independent and *confidential* assistance – otherwise, you won't use it, and the *Company won't have the chance to catch problems early and resolve them.*

In addition, the Program operates under the strict Code of Ethics and Standards of Practice of The Ombudsman Association. The Company has included those standards in the legal documents that authorize the Creation of the Program, meaning that the Company is committing itself to operate the Program in keeping with those standards.

The Ombudsman Association Code of Ethics and Standards of Practice state:

The ombudsman, as a designated neutral, has the responsibility of maintaining strict confidentiality concerning matters that are brought to his/her attention <u>unless given permission</u> to do otherwise.(See pg. 19);

The ombudsman must take all reasonable steps to <u>protect any records and files</u> pertaining to confidential discussions from inspection. (See pg. 19);

The mission of the organizational ombudsman is to provide a <u>confidential</u>, neutral and informal process which facilitates fair and equitable resolutions to concerns that arise in the organization. (See pg. 20);

We <u>base</u> our practice on <u>confidentiality.</u> (See pg. 20);
We provide feedback on trends, issues, policies and practices <u>without breaching confidentiality</u> or anonymity. (See pg. 22).

*Emphasis provided.*

McBride entered into an employment contract with the Defendants Halliburton/KBR on November 22, 2004 and was employed as an MWR Coordinator at Camp Fallujah, Iraq until March, 2005. Her contract included the infamous DRP arbitration provision.

On December 15, 2004, Julie filed a formal complaint with the Defendants for sexual harassment committed against her by KBR's Human Resource Director at Camp Fallujah, Iraq, an addendum was filed on December 18, 2004.

On February 28, 2005, in a separate incident, Julie refused to submit false claims to the U.S. government on behalf of defendants Halliburton and KBR and reported this fraudulent activity of other Halliburton employees to KBR Human Resource Director Ted Kowalski in Baghdad, Iraq.

On or about March 1, 2005, Julie was terminated by Halliburton in retaliation for reporting both the sexual harassment and the fraudulent activity. Immediately she was flown to Camp Victory and forced into confinement under guard until she was transported to a plane headed back to the U.S.

On April 26, 2005, Julie filed a *qui tam* action, pursuant to the False Claims Act, against Halliburton in which she alleged that Halliburton utilizes fraudulent accounting procedures and billing practices in the performance of their LOGCAP III contract.

On November 15, 2005, Julie filed a "Notice of Arbitration" and emailed it to Allen Glover at the Center for Dispute Resolution requesting Arbitration for violations of Title VII of the Civil Rights Act of 1964, violations of the Whistle Blower provision of the Civil Rights Act of 1964, Intentional Infliction of Emotional Distress, Assault, Battery, Negligence, Sexual Discrimination, Disparate Treatment, Fraud, Reckless Indifference, Libel, Defamation of Character, Malice, Wrongful Termination, and False Imprisonment.

Beginning June 27, 2006, through to June 30, 2006, the parties litigated these claims in Los Angeles, CA (hereinafter "the 2006 Arbitration"). Celli Balli, KBR's in house counsel, and defendant Sloan represented Halliburton and KBR. Julie was *pro se* and Joyce Ann Mitchell presided over the arbitration.

Throughout the arbitration, Mitchell thanked Sloan and Balli for the lavish hotel accommodations provided by Halliburton/KBR while she traveled to Los Angeles for the arbitration.

During the discovery phase, Julie was told that Halliburton/KBR had "lost" Julie's reports of sexual harassment. And, in what has become its routine fashion, Halliburton made its own discovery rules when it refused to turn over any reports or documents that evidenced relevant incidents unless they occurred at Camp Fallujah during the time Julie was employed, from November 2004 through to March 2005. Halliburton/KBR created and followed its own rules of discovery despite its written

promise in the DRP program that the federal rules of evidence apply to every arbitration proceeding. This despite the DRP representations that one of the primary goals of the DRP was to allow the company to "have the chance to catch problems early and resolve them."

In an effort to support her claims without this critical inculpatory evidence, Julie presented Halliburton/KBR female employee victims of the same assailant (who had also reported their attacks) in an effort to show Halliburton and KBR had knowledge the KBR Human Resource Director at Camp Fallujah had sexually abused female employees in the past but failed to take any action to stop the abuse.

One of the female employees testified that the Camp Director at Fallujah had raped her repeatedly, and yet when she reported this crime to Halliburton/KBR, they failed to take any action against the rapist. KBR initiated an investigation but no disciplinary, civil or criminal action appears to have been taken against the accused rapist. Written reports of the KBR investigation, or lack thereof, into the rape were admitted into evidence and indicated that certain KBR personnel had concerns the Camp Director may have sexually abused other women while employed by KBR. Moreover, KBR failed to report the alleged rape to a law enforcement authority in Iraq or the United States. Because Halliburton/KBR failed to take action against the Camp Director, he was never disciplined nor was he charged with any criminal offense or held accountable in any manner whatsoever. In fact, based on information and belief, this rapist remains employed by Halliburton or KBR today. So much for KBR's "chance to catch problems early and resolve them."

Julie testified that KBR had placed her under guard and confined her to an isolated "hooch" after she filed a sexual harassment claim against the Human Resources Director.

Defendants would have this Court believe the arbitrator ordered the witness's testimony and related documents confidential *sue sponte* to protect the witness's personal and sensitive information. (*See* Def.Mot. at 3.) However, throughout the hearing, the arbitrator issued several verbal orders directing the parties that the arbitration shall remain confidential pursuant to the Rules of the DRP. But, despite the arbitrator's verbal orders, at the conclusion of the witness testimony depicting acts of rape and prevalent sexual harassment, defendants Halliburton and KBR, through their attorney Sloan, actually moved to have the transcript or other records **destroyed**, citing it necessary **to protect the company in litigation of future cases against it**, and to protect the confidentiality of **all** parties involved. Sloan specifically stated during the arbitration hearing that she did not want the transcript of victims' testimony to be *subpoenaed* by any other claimants against KBR.

At that point, there had been three days of testimony and argument recorded by a court reporter. Extremely personal and sensitive information was presented during the trial by Julie. Sloan represented to Julie that an order to destroy the record was the only means to keep the potentially embarrassing and sensitive information confidential - despite the promise of confidentiality in the DRP program brochure and the arbitrator's repeated reminder that the arbitration was a confidential proceeding. Relying upon Sloan's representation, a worn-out and emotional Julie agreed she would not to object to the motion.

On June 29, 2006, after considering Sloan's motion with objection, Arbitrator Mitchell ordered the entire arbitration hearing confidential, the record destroyed, including the transcript of the arbitration and the investigative reports of the rape by the Camp Director. The court reporter was ordered to destroy the record and was dismissed for the remainder of the hearing! All documents related to the rape of the female KBR employee by the KBR Camp Director were removed from the exhibit notebook. As a result, today there exists no record of testimony and arguments that were presented during this arbitration.

Defendants now claim that Arbitrator Mitchell ordered the testimony of only one witness, as well as any related documents, be maintained in confidence and not disclosed to anyone outside the arbitration hearing. Unfortunately for Defendants, Arbitrator Mitchell had, in fact, ruled **the entire arbitration** and all documents related, remain confidential.

On July 20, 2006 Julie's claims were denied by the Arbitrator. On October 20, 2006, Julie intended to appeal the arbitration award when she filed appellate documents captioned "Seal over Seal" and "Under Seal" with the Clerk of the Court at the Federal District Court in Los Angeles, CA and requested to proceed *in forma pauparis.* This request was denied and the appeal withdrawn.

On August 23, 2006, Julie's *qui tam* claim was unsealed by the Court. Julie filed a Second Amended *qui tam* Complaint on November 25, 2006 and a final amended *qui tam* Complaint was filed on December 7, 2006. This claim initially received an incredible amount of media coverage for the fraudulent acts and for the way Julie was treated by the Defendants.

During the media flurry, Halliburton filed a Motion to Compel Arbitration, To Sever, and to Stay Arbitrable Claims on January 17, 2007. Throughout the Motion to Sever, Defendants breached the confidentiality order and rules of the DRP when they revealed the details of the 2006 Arbitration and attached an affidavit executed by Defendant Sloan in support of facts revealed. Defendants also revealed the arbitration decision was against Julie and attached as an exhibit of Julie's confidential e-mails to the Center for Public Resources (one of the organizations "confidentially" used by Halliburton's DRP.). These e-mails included Julie's written request initiating arbitration, and written identification of the subject matter of the claims she sought to have arbitrated, including the sensitive matters of sexual harassment, defamation, assault and battery Julie did not want revealed. Interestingly, they made no mention of the rape victim or other evidence of their numerous egregious acts in Iraq.[1]

Halliburton and KBR disclosed this information in direct contravention of the DRP and in direct contempt of the court order in an effort to discredit Julie and further conceal its complacency in what is frequently referred to as the "Wild Wild West;" a place where employees are free to sexually abuse women and commit fraud against their own country in a chaotic and lawless society created and encouraged by Halliburton and KBR.

---

[1] In their motion, Defendants' failed to mention the female witness at the hearing testified she was raped and instead classify her testimonial evidence as a sexual harassment claim. See Def. Mot. at 2.

## II.    LAW AND ARGUMENT

A. Defendants Do Not Adequately Address the Claims in their 12(b)(6) Motion

Under Rule 12(b)(6) for failure to state a claim, the court must interpret the complaint liberally and in the plaintiff's favor. *See Kaltenbach v. Richards*, 464 F.3d 524, 526-527 (5th Cir. 2006). When reviewing a motion under this Rule, the court should construe all disputed facts in favor of the plaintiff, resolve all doubts and inferences in the plaintiff's favor, and view the complaint in the light most favorable to the plaintiff. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct.2499, 2509 (2007); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). A claim should not be dismissed merely because the court disbelieves the allegations or feels that recovery is remote or unlikely. *See id.*

Defendants argue that pursuant to Rule 12(b)(6) of the Federal Rules, Plaintiff failed to sufficiently assert a legal theory cognizable as a matter of law because their acts are protected by the litigation privilege. Defendants fail to plead which claims they challenge under this Rule and instead make a blanket assertion that they are protected under the privilege. Plaintiff plead sufficient facts to maintain all her claims under a legally cognizable theories of law. In her complaint, Plaintiff sets forth several causes of action as follows:

(1) Breach of confidence

(2) Breach of Contract

(3) Abuse of Rights

(4-5) Civil Conspiracy – Two Counts

(6) Intentional Infliction of Emotional Distress

13

(7) Invasion of Privacy

(8) Vicarious Liability

Defendants have filed a 12(b)(6) motion requesting a dismissal of **all** claims based on absolute privilege of statements made about the a 2006 confidential arbitration with the Plaintiff. Not all of the above mentioned claims are related directly to the statements Defendants reference. Plaintiff adamantly disputes that Defendants are entitled to any type of privilege in regards to the statements made in the *qui tam* action. Further, Defendants have filed a sweeping motion to dismiss but failed to link this assessment to any of Plaintiff's claims specifically. Therefore, it is unclear from said motion what claims Defendants' request this Court dismiss and why. Defendants have made general statements regarding failure to state a claim upon which relief may be granted based upon a non-applicable privilege, and further failed to state which claims it applies. Instead, they merely ask for dismissal of all claims. Defendants do not take into account the other claims of the Plaintiff which are not based on the statements alone. Therefore, Defendants failed to properly present an argument or rationale for a dismissal, and the Court is not required nor should it guess as to which claims the Defendants vaguely allege Plaintiff has failed to state a claim pursuant to 12(b)(6) of the Federal Rules.

## B. Defendants Are Not Entitled to Litigation Privilege

Defendants once again seek to apply the provisions of Julie's past employment contract to the current case by casting jurisdiction and applying Texas law. And, once again, that assertion is misplaced under the facts related to this cause of action.

As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001). Yet, the Defendants argue facts that are not included in the Complaint and that Julie does not concede as true. This material should not be considered by the Court as it is beyond the pleadings. Plaintiff would assert that based upon the contents of the Defendants' Motion this Complaint cannot be dismissed based upon facts outside the pleading. Therefore, Defendants' motion should be denied.

Whether an allegedly defamatory statement relates to a proposed or existing judicial proceeding, and is thus privileged, is a question of law for the court to decide. *See Watson v. Kaminski,* 51 S.W.3d 825, 827 (Tex.App. – Houston [1st] 2001). In determining whether an attorney's statement is immunized from liability for **defamation**, a judge must consider the entire communication in its context and must extend the privilege to any statement that bears some relation to an existing or proposed judicial proceeding. *Watson v. Kaminski,* 51 S.W.3d 825, 827 (Tex.App. – Houston [1st] 2001)(**emphasis provided**).

In *Arneja v. Gildar*, the court stated, "For the absolute immunity of the privilege to apply, two requirements must be satisfied: (1) the statement must have been made in the course of or preliminary to a judicial proceeding; and (2) the statement must be related in some way to the underlying proceeding." 541 A.2d 621, 623 (D.C. 1988). The Court in *Finkelstein Thompson & Loughran v. Hemisperx Biopharma, Inc.*, stated that "the District of Columbia has long recognized an absolute privilege for statements made preliminary to, or in the course of, a judicial proceeding, *so long as the statements bear some relation to the proceeding.*" 774 A.2d 332, 336 (D.C. 2001). This statement is based

on the "judicial proceedings" privilege set forth in § 586 of the Restatement (Second) of Torts:

> An attorney at law is absolutely privileged to publish **defamatory** matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

*Id.* (emphasis provided).

As the Dallas Court of Appeals in *Russell v. Clark* points out "this absolute privilege must not be extended to an attorney carte blanche." 620 S.W.2d 865, 868, 23 A.L.R.4th 924 (Tex.Civ. App. Dallas 1981). The act to which the privilege applies must bear some relationship to the judicial proceeding in which the attorney is employed, and must be in furtherance of that representation. *Id.*

Clearly the case law does not establish an absolute privilege for Defendants conduct. First, Defendants argue they merely provided "a basic description of Plaintiff's claims along with the arbitrator's ruling on said claims" (*See* Def.Mot. at 10.). This characterization of the information revealed is laughable. Defendants provided a detail description of the hearing, claims arbitrated, and attached the emails Julie sent revealing the facts and subject matter of the hearing. Under the terms of the DRP, the Defendants agreed this information would remain confidential. Furthermore, there was a court order ruling all information pertaining to the hearing remain confidential, this included the facts and subject matter, and any communications Julie may have had with the arbitration organization.

An absolute privilege does exist in Texas and the District of Columbia for communications in the course of judicial proceedings, but only as long as it related to the

proceeding. Defendants took confidential statements and documents and published those remarks in a totally different proceeding from which it was originally obtained. Here, the basis of the claims is not the statements alone. Defendants request the Court apply the judicial privilege and excuse the Defendants' from breaching the agreement of confidentiality pursuant to the DRP and for abusing their right to an order of confidentiality as granted by the arbitrator. This is not a request for judicial protection for statements made while zealously representing one's client. And, this is not a defamatory case. The remarks were disclosed by the Defendants in a *qui tam* action against Defendants in an effort to embarrass and discredit Plaintiff when she disclosed Defendants had fraudulently presented claims to the United States for payment. The remarks were not directly related to the *qui tam* litigation, nor were they necessary to defend KBR. Moreover, the Defendants sought to use this confidential information in litigation when the primary purpose for the confidentiality order was to prevent its use in future litigation. They are now arguing that their original position was without merit. Or, they are trying to have their cake and eat it too. Either way, Defendants conduct is egregious (at best) and the entire secret arbitration should be brought to light and made subject to public scrutiny.

Since there is no absolute privilege available to Defendants in this case, as their malicious statements were not sufficiently related to the *qui tam* action, but rather solely to cause embarrassment to the Plaintiff, their 12(b)(6) motion for failure to state a claim upon which relief can be granted should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Motion by Defendants Halliburton Company, Inc. and Kellogg, Brown & Root, Inc. to Dismiss; or in the Alternative, to Stay Pending Completion of Arbitration be Denied and for any other relief to which this Court may deem Plaintiff justly entitled.

Respectfully submitted,

Stephanie M. Morris
ATTORNEY AT LAW
D.C. BAR NO. 498196
Member of D.C., MD and PA. Bars
1660 L. Street, N.W., Suite 506
Washington, D.C. 20036
Tel. (202) 536-2353
Fax. (202) 463-6328


L. Todd Kelly
THE KELLY LAW FIRM, P.C.
Texas Bar No. 24035049
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax. (713) 523-5939
&

Paul Waldner
VICKERY, WALDNER & MALLIA, L.L.C.
Texas Bar No. 20679800
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 526-1100
Fax. (713) 523-5939

*ATTORNEYS FOR PLAINTIFF, JULIE MCBRIDE*

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON AUGUST 29, 2008, an copy of the foregoing Motion and accompanying Memorandum of Points and Authorities was served on counsel via first class mail to:

Michael B. McDonnell
McDonnell & Associates APLC
2040 Harbor Island Dr., Suite 202
San Diego, CA 92101
Tel. (619) 294-4230
Fax: (619) 294-4237

Attorney for Defendants Halliburton Company, Inc. and Kellogg, Brown & Root, Inc.

Megan E. Hills, Esq.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20036

Attorney for Defendants Shadow Sloan and V&E.

A copy was served by electronic mail to:

Frederick W. Chockley, III (366800)
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C. 20026-5304
Tel. (202) 861-1500
Fax: (202) 861-1783
Fchockley@Bakerlaw.com

Attorney for Defendants Halliburton Company, Inc. and Kellogg, Brown & Root, Inc.

Stephanie M. Morris

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIE McBRIDE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. No. 1:08-cv-01154 (CKK) |
| | § | |
| HALLIBURTON COMPANY, INC., | § | |
| KELLOGG, BROWN & ROOT, INC., | § | |
| SHADOW SLOAN, | § | |
| AND | § | |
| VINSON & ELKINS | § | |
| | § | |
| Defendants. | § | JURYTRIAL DEMANDED |

## ORDER

Upon consideration of the motion by Defendants Halliburton Company, Inc. and

Kellogg, Brown & Root, Inc. to Dismiss; or in the Alternative, to Stay Pending

Completion of Arbitration, any opposition thereto, and oral argument, if any it is by the

Court this _____ day of September 2008.

ORDERED, that Defendants' motion be, and is hereby DENIED.

_____

Honorable Colleen Kollar-Kotelly
United States District Judge

Copies to:

Stephanie M. Morris
D.C. BAR No. 498196
1660 L. Street, N.W., Suite 506
Washington, D.C. 20036
Tel. (202) 536-2353
Fax. (202) 463-6328
Stephanie.Morris@Morrislegalservices.com

L. Todd Kelly
THE KELLY LAW FIRM, P.C.

Texas Bar No. 24035049
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax. (713) 523-5939

Paul Waldner
VICKERY, WALDNER & MALLIA, L.L.C.
Texas Bar No. 20679800
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 526-1100
Fax. (713) 523-5939

Frederick W. Chockley, III (366800)
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C. 20026-5304
Tel. (202) 861-1500
Fax: (202) 861-1783
Fchockley@Bakerlaw.com

Michael B. McDonnell
McDonnell & Associates APLC
2040 Harbor Island Dr., Suite 202
San Diego, CA 92101
Tel. (619) 294-4230
Fax: (619) 294-4237

Megan E. Hills, Esq.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20036